IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.     No. CR 04-1851 BB

DEREK JAMES BURY,

      Defendant.

MEMORANDUM OPINION
AND
ORDER DENYING MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Defendant's motion for a new trial [doc. #89], and the Court having considered the briefs of counsel and held oral argument on January 7, 2006, now FINDS the motion is not supported by the law and it will be DENIED.

*Discussion*

Defendant, Derek Bury, was indicted in September 2004 for knowingly transporting aliens Laura Torres-Flores and Gabriela Torres-Mandiola in violation of 8 U.S.C. § 1324. After the jury was unable to reach a verdict, Judge Robert Brack declared a mistrial.

In February 2005, a superceding indictment was filed charging Defendant with conspiracy to transport illegal aliens as well as the two transporting charges in the original indictment. Following trial in September 2005 on the superceding indictment,

the jury returned a guilty verdict on all three counts.  Defense counsel request a third trial under the interest of justice standard.  *United States v. Patterson*, 41 F.3d 577, 579-80 (10th Cir. 1994).

### *Prosecutor's Summation*

Defense counsel argue "[t]he prosecutor in his rebuttal closing made repeated and egregiously improper arguments, that included mischaracterizing the evidence, arguing facts not in evidence, improperly vouching for a witness, calling the defendant a liar, commenting on defendant's right to testify and defendant's motive for exercising said right and misrepresenting the burden of proof."  (Mot. New Trial at 1).  These challenges will be discussed in reverse order.

### *Burden of Proof*

In his closing, the prosecutor told the jury the United States had to prove each of the three elements of the offense, "beyond a reasonable doubt."  In all, he used the term "reasonable doubt" nine times during the closing and rebuttal arguments, and defined "reasonable doubt" as "a doubt based on reason and common sense."  Tr. Vol. III at 458, 524.  The United States specially urged jurors to "[u]se your common sense when you get back there.  If you firmly believe that he did it, convict him.  If your common sense tells you that he didn't do it, acquit him."  Tr. Vol. III at 524.  The Court, of course, also gave a jury instruction on reasonable doubt.

**In rebuttal the Assistant United States Attorney ("AUSA") used the term "possible" three times but not once was the term used in connection with the United States' burden of proof.  The AUSA asked the jury "isn't it possible that the defendant knew that these women were undocumented," "isn't it possible that the defendant's brother-in-law told defendant of their status," "isn't it possible that the defendant committed this crime because of his financial situation."  The prosecutor also said "[i]s it not possible that Beltran could have fit in the back seat" of the Defendant's car?  Tr. Vol. III at 514.  The use of the word "possible" in this context does not lower the burden of proof to "possible" or confuse jurors on the proper legal standard.  Defendant cannot prevail on this claim.**

### *Comment on Defendant's Testimony*

**Defense counsel next argue:**

**In his rebuttal closing, the prosecutor told the jury that the reason that Mr. Bury testified was because he knew he had lost the trial.  The evidence had convicted him, said the prosecutor.  The only thing left for Mr. Bury was to sit in front of the jury and lie.  The prosecutor's statements constituted a clear, if misguided, expression of his opinion that Mr. Bury was not only guilty, but had lied to the jury in response to the overwhelming weight of the evidence.**

**(Def. Supp. Br. ¶ 4).**

**Initially, the Court must note this is a substantial over-representation of the rebuttal argument by the AUSA.  What he actually said was:**

**Ask yourself this, ladies and gentlemen, why did he take the stand yesterday?  Why did he testify?  He spent the first half of his testimony**

3

**talking about his experience in the military, and his training. Well, his training has already come out through Sgt. Fry.**

**He spent the second half regurgitating this mall story, and he added a few ridiculous details. Why did he do that? That was already in evidence. We already –**

**Ask yourself, why did he testify. We already knew all of those things. I submit to you that he did it to evoke some sympathy from you. He wants you to feel sorry for him. ...**

**After Maria Orosco testified, the defendant knew he was sunk. Game over. She corroborated everything the material witnesses had to say. He knew that she was a credible witness, that she was believable. You heard the same story from three different people, and the story made sense.**

**Agent Carroll told you in his expert opinions that, yes, that's how alien smuggling occurs. Aliens aren't taken to malls, inside malls and transferred hands.**

**He knew that he was sunk, that you were going to come back and find him guilty beyond a reasonable doubt. That's why he hit the stand. That's why he wanted to evoke all of this sympathy from you. Oh, please, don't convict me. I'm a good soldier. I went to Oman.**

**Tr. Vol. III at 504-06.**

**While the AUSA did question the motives behind Defendant's testimony, he did not say, "The only thing left for Mr. Bury was to sit in front of the jury and lie." However, in the context of evaluating conflicting testimony even such a statement in closing is not necessarily prohibited.** *United States v. Hernandez-Muniz*, **170 F.3d 1007 (10th Cir. 1999);** *United States v. Robinson*, **978 F.2d 1554 (10th Cir. 1992).**

**Defendant provides no direct authority for his argument that these statements in the Government's closing were unconstitutional comment on Defendant's privilege against self-incrimination. Logic augers against the Defendant's position that when he chooses to testify any negative comment is unconstitutional. If a defendant chooses to testify, he "assumes the role of witness [and] the rules that generally apply to other witnesses – rules that serve the truth-seeking function of the trial – are generally applicable to him as well." *Perry v. Leeke*, 488 U.S. 272, 282 (1989); *Jenkins v. Anderson*, 447 U.S. 231, 235-6 (1980). Indeed, a defendant who takes the stand waives his privilege against self-incrimination on the subject of such testimony. *Sallahdin v. Gibson*, 275 F.3d 1211, 1229 (10th Cir. 2002); *Neely v. Israel*, 715 F.2d 1261, 1263-4 (7th Cir. 1983). It is therefore permissible for the prosecutor to discuss both the motives and veracity of a testifying defendant in closing argument. *Portuondo v. Agard*, 529 U.S. 61 (2000).**

### *Vouching*

**Defendant also argues the AUSA used closing argument to improperly vouch for the veracity of his witnesses. Defense counsel specifically challenge the fact that the AUSA admitted the material witness, Mercedes Ramirez, lied under oath but then excused it. This is not improper vouching. *United States v. Rodriguez*, 215 F.3d 110 (1st Cir. 2000); *United States v. Tyler*, 42 Fed. Appx. 186 (10th Cir. 2002).**

### *Arguing the Evidence*

Defense counsel challenge the AUSA's development of the evidence primarily on the relationship of the witnesses. In an effort to understand her statements regarding the nature of her relationship with Defendant, for example, the AUSA asked Ms. Torres if she had a romantic relationship with Defendant to reveal any potential bias. Tr. Vol. II at 305-6. If Ms. Torres had a romantic relationship with Defendant, the jury was entitled to know that. *United States v. Abel*, 469 U.S. 45 (1984). The jury has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony. *Id.* at 52. Bias is always relevant and the jury was instructed to ask, *inter alia*, does the witness have any relationship with either the government or the defense. Jury Instr. 5.

During closing, the AUSA argued that both Ms. Torres' and Defendant's testimony regarding the mall, was just a cover story and not the truth, but that is not prosecutorial misconduct. *United States v. Hernandez-Muniz*, 170 F.3d at 1012 (finding that referring to testimony as a lie does not constitute prosecutorial misconduct per se). *See also United States v. Kravchuk*, 335 F.3d 1147 (10th Cir. 2003). A prosecutor's summation may appropriately suggest to the jury what inferences it ought to draw from the evidence in the case. *United States v. Pena*, 930 F.2d 1486, 1496 (10th Cir. 1991).

### *Judicial Instruction*

At oral argument, then in his supplemental briefs, defense counsel pointed out Defendant admitted he was reprimanded for making a false statement but did not admit to actually making the false statement. The AUSA noted this admission in closing and defense counsel objected. After substantial discussion at the bench, I said: "Ladies and gentlemen, again it will be your collective memory that controls, but the defendant admitted to making a false official statement to the Air Force on an investigation and was reprimanded for making that statement." Tr. Vol. III at 512. This was admittedly incorrect as Defendant admitted only the reprimand. The defense argues, "This statement was even more problematic in view of the primacy with which a jury necessarily regards the Court and its statements and opinions." However, not only did the Court preface this comment with the admonition that it was the collective memory of the jury that was controlling, the jurors were instructed in at least three of the formal instructions that they were the judges of the facts and they should determine those facts from the sworn testimony of the witnesses. Moreover, the reprimand was a very minor issue of impeachment. Under these circumstances, the Court's erroneous reference to Defendant's admission of the statement rather than admission of the reprimand was not legally prejudicial and did not effect the outcome. *Reading Motor Sales, Inc. v. United States Fidelity & Guaranty Co.*, 266 A.2d 687, 691 (Pa. S. Ct. 1970); *cf. United States v. Davis*, 953 F.2d 1482 (10th Cir. 1992) (instructions to be considered as a whole).

### *Conclusion*

**For the above stated reasons, Defendant's motion for a new trial is DENIED.**


**SO ORDERED this 24th day of February, 2006.**


                                            **BRUCE D. BLACK**
                                            **United States District Judge**